**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Barbara Holbrook, | No. CV-20-01413-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Anthony H Mason, | |
| Defendant. | |

Pending before the Court are: (1) Plaintiff's Motion for Preliminary Injunction ("Motion for Preliminary Injunction"), (Doc. 3); (2) Defendant's Motion to Dismiss Plaintiff's Complaint ("Motion to Dismiss"), (Doc. 11); (3) Plaintiff's Response to Defendant's Motion to Dismiss ("Response"), (Doc. 12); (4) Plaintiff's Supplemental Motion to Partially Withdraw Referral or in the Alternative for Leave to Bring Declaratory Judgement Action ("Supplemental Motion"), (Doc. 13), and (5) Defendant's Reply in Support of Defendant's Motion to Dismiss ("Reply"), (Doc. 14). For the following reasons, Defendant's Motion to Dismiss is GRANTED, and Plaintiff's Motion for Preliminary Injunction and Supplemental Motion are DENIED.

## I.    BACKGROUND

BCB Contracting Services, LLC, is an Arizona limited liability company ("BCB"). (Plaintiff's First Amended Complaint, (Doc. 16), at ¶ 11). As of March, 2017, Plaintiff was the sole member of BCB. (*Id.*). On March 27, 2019, Plaintiff submitted to the Arizona Corporation Commission ("ACC") articles of amendment to the articles of organization of

1    BCB reflecting her withdrawal as a member of BCB. (*Id.* at ¶ 13). The ACC rejected
2    Plaintiff's filing, issuing a statement noting that Plaintiff was the only member of BCB,
3    and stating that if Plaintiff wished to be removed as a member of BCB, there must be a
4    new member or manager assigned to BCB. (*Id.* at 14). On December 11, 2019, Plaintiff,
5    believing herself to still be a member of BCB, filed a Chapter 7 bankruptcy petition on
6    behalf of BCB, thus initiating *In re BCB Contracting Services, LLC*, 2:19-BK-15555
7    (Bankr. D. Ariz., Dec. 11, 2019) ("the Bankruptcy"). (Doc. 16 at ¶ 15). Defendant was
8    appointed as the trustee in the Bankruptcy. (*Id.* at ¶ 4).

9            On June 8, 2020, Plaintiff commenced a special action in Maricopa County Superior
10   Court ("the Special Action") asking that the ACC be compelled to accept, file, and process
11   the articles of amendment that Plaintiff submitted to the ACC in March, 2019. (*Id.* at ¶ 16).
12   On June 23, 2020, Defendant filed a Notice of Appearance and Notice of Bankruptcy Filing
13   in the Special Action stating that Defendant did not authorize the filing of the Special
14   Action, and that Plaintiff did not seek relief from the automatic stay under 11 U.S.C. § 362
15   in the Bankruptcy Court to initiate the Special Action. (*Id.* at ¶ 17). On June 24, 2020, the
16   Maricopa County Superior Court issued an order, citing Defendant's Notice of Appearance
17   and Notice of Bankruptcy Filing, staying proceedings in the Special Action, and providing
18   for the automatic dismissal of the Special Action on August 24, 2020 unless before that
19   date:

20                   the Plaintiff demonstrates she has moved to lift the stay but the
21                   request has not been ruled upon or has been granted; or she has
                     sought to reduce the claim(s) against the debtor to judgment in
22                   the Bankruptcy Court in an adversary proceeding and the
                     adversary proceeding has not yet been resolved despite
23                   diligence in seeking such a resolution; or she has obtained
24                   severance of the claim(s) against the debtor from the claim(s)
                     against the other parties to the action …
25

26   (*Id.* at ¶ 18).

27           On July 16, 2020, Plaintiff filed her Motion for Preliminary Injunction seeking to
28   enjoin Defendant from asserting or maintaining that the Special Action has violated or will

violate 11 U.S.C. § 362. (Doc. 3 at 1). On August 26, 2020, Plaintiff filed her First Amended Complaint seeking a declaratory judgement that the Special Action has not and will not violate 11 U.S.C. § 362 and seeking to enjoin Defendant from asserting or maintaining that the Special Action has violated or will violate 11 U.S.C. § 362. (Doc 16 at 6–7).[1]

On July 27, 2020, Defendant filed his Motion to Dismiss for Failure to Obtain Leave of the Bankruptcy Court to Sue the Chapter 7 Trustee under the *Barton* doctrine. (Doc. 11 at 1–3). On August 10, 2020, Plaintiff filed her Supplemental Motion seeking, if the Court grants Defendant's Motion to Dismiss, the withdrawal of the reference to the Bankruptcy Court of the District of Arizona regarding the determination of whether 11 U.S.C. § 362 prohibits the Special Action or granting Plaintiff leave to maintain the action at issue against Defendant. (Doc. 13 at 1).

## II.   Discussion

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "A federal court is presumed to lack jurisdiction in a particular case," *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989) (internal citation omitted), "and the burden of establishing the contrary rests upon the party asserting jurisdiction," *Kokkonen*, 511 U.S. at 377 (internal citation omitted). Federal Rule of Civil Procedure 12(h)(3) specifically states that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Defendant argues that under the *Barton* doctrine, the Court lacks subject matter jurisdiction because Plaintiff failed to obtain leave from the bankruptcy court to bring this suit against the trustee appointed in the Bankruptcy. (Doc. 11 at 3). The *Barton* doctrine provides that no suit may be brought against a receiver without leave of the receiver's appointing court. *Barton v. Barbour*, 104 U.S. 126, 136–137 (1881). The Ninth Circuit

---

[1] The First Amended Complaint is not an "amendment" to the original complaint but is merely a refiling of the original complaint with the exhibits attached after the Court ordered Plaintiff to provide the exhibits.

recognizes that the *Barton* doctrine can extend to bankruptcy trustees as well as receivers. *Beck v. Fort James Corp.* (*In re Crown Vantage, Inc.*), 421 F.3d 963, 970 (9th Cir. 2005) ("We join our sister circuits in holding that a party must first obtain leave of the bankruptcy court before it initiates an action in another forum against a bankruptcy trustee or other officer appointed by the bankruptcy court for acts done in the officer's official capacity.").

Under *Barton*, plaintiffs must obtain authorization from the bankruptcy court before "initiat[ing] an action in another forum" against certain officers appointed by the bankruptcy court for actions the officers have taken in their official capacities. *In re Yellowstone Mountain Club, LLC*, 841 F.3d 1090, 1094 (9th Cir. 2016) (quoting *Crown Vantage*, 421 F.3d at 970). "It is undisputed that a trustee in bankruptcy is an officer of the Court, and that as such, he is not subject to suit without leave of the appointing court for acts done in his official capacity and within his authority as an officer of the Court." *Leonard v. Vrooman*, 383 F.2d 556, 560 (9th Cir. 1967) (internal citation removed). A district court is considered "another forum," requiring leave of the bankruptcy court before a lawsuit can be brought. *Kashani v. Fulton* (*In re Kashani*), 190 B.R. 875, 885 (9th Cir. BAP 1995). Thus, "leave to sue the trustee is required to sue in those federal courts other than the bankruptcy court which actually approves the trustee's appointment." *Id.*

Leave is not required if a trustee's actions fall within the statutory exception to the *Barton* doctrine codified at 28 U.S.C. § 959(a). The exception provides that a trustee, receiver, or manager may be sued without leave of the appointing court in an action regarding their acts or transactions in carrying on the business connected with the property of the bankruptcy estate. *Id.* Here, Defendant was not carrying on the business connected with the property of the Bankruptcy, he was submitting a Notice of Appearance and Notice of Bankruptcy Filing in the Special Action. Thus, the statutory exception to the *Barton* doctrine does not apply.

Plaintiff argues that the *Barton* doctrine is inapplicable to this case because Plaintiff does not seek an award of money damages or to affect the property of the bankruptcy estate. (Doc. 12 at 2–4). The Ninth Circuit, however, has not so limited the *Barton* doctrine

holding that, "without leave of the bankruptcy court, *no suit* may be maintained against a trustee for actions taken in the administration of the estate." *Curry v. Castillo (In re Castillo)*, 297 F.3d 940, 945 (9th Cir. 2002) (quoting 3 *Collier on Bankruptcy* ¶ 323.03[3] (15th ed. rev. 2001)) (emphasis added); *see In re CFB Liquidating Corp.*, 576 B.R. 610, 621 (Bankr. N.D. Cal. 2017) (holding that *Barton* doctrine is not limited to suits seeking damages and applying *Barton* doctrine to a suit seeking declaratory relief). Thus, even a suit that does not seek money damages or to affect the property of a bankruptcy estate can fall under the *Barton* doctrine.

Plaintiff further argues that the *Barton* doctrine is inapplicable because Plaintiff seeks only declaratory relief on a question that will not affect the bankruptcy estate. (Doc. 12 at 2–4). Yet, "the question of whether a foreign action affects the bankruptcy estate is to be addressed to the bankruptcy court as an initial matter." *Crown Vantage*, 421 F.3d at 973, n.6. "The *Barton* doctrine is a practical tool to ensure that all lawsuits that *could* affect the administration of the bankruptcy estate proceed either in the bankruptcy court, or with the knowledge and approval of the bankruptcy court." *Harris v. Wittman (In re Harris)*, 590 F.3d 730, 742 (9th Cir. 2009) (emphasis added). It is for the bankruptcy court to determine if the instant case could affect the Bankruptcy, and to decide the case or give leave for it to be decided elsewhere.

Here, Plaintiff failed to seek leave from the bankruptcy court before initiating the present action against Defendant. (Doc. 11 at ¶ 3). Defendant is the trustee appointed in the Bankruptcy. (Doc. 16 at ¶ 6). Defendant undertook the action at issue in his official capacity as trustee for the Bankruptcy and is being sued in his official capacity as trustee. (Doc. 16–4 at 1; Doc. 16 at ¶ 4). Thus, the *Barton* doctrine applies, and the Court does not have subject matter jurisdiction over the present action.[2]

**III.    Conclusion**

Based on the foregoing,

---

[2] The Court independently reviewed the bankruptcy docket and notes that it appears Plaintiff has now received through other channels the relief she seeks in the Special Action. Accordingly, in addition to the discussion above, it appears this case is also moot.

**IT IS ORDERED** that Defendant's Motion to Dismiss (Doc. 11) is GRANTED, this case is dismissed without prejudice as to Plaintiff seeking relief before the Bankruptcy Court, but with prejudice as to whether this Court has original jurisdiction; the Clerk of the Court shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that Motion for Preliminary Injunction (Doc. 3) and Supplemental Motion to Withdraw the Reference (Doc. 13) are denied as moot.

Dated this 4th day of September, 2020.

James A. Teilborg
Senior United States District Judge